Thomas SMALLEY, Respondent,

v.

**LANDMARK ERECTORS,**

and

**American Family Mutual Insurance Company, Appellants.**

**No. ED 91861.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 28, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 2009.

Application for Transfer Denied Oct. 6, 2009.

John J. Larsen, Jr., Saint Louis, MO, for Respondent.

Stephen A. McManusm, Saint Louis, MO, for Appellants.

## OPINION

GLENN A. NORTON, Judge.

Landmark Erectors ("Employer") appeals from the "temporary or partial award"[1] of the Labor and Industrial Relations Commission holding Employer liable for Thomas Smalley's ("Claimant") workers' compensation claim. Claimant filed a motion to dismiss Employer's appeal, which this Court took with the case. We dismiss Employer's appeal.

## I. BACKGROUND

Claimant filed his workers' compensation claim seeking to hold Employer liable for payment of benefits associated with his diagnosis of work-related carpal tunnel syndrome. Employer disclaimed liability on the grounds that under the last exposure rule and exceptions thereto, Claimant's immediate preceding employer was liable for the claim. The ALJ issued an award finding Employer responsible for

1. The award issued by the Commission was entitled "Temporary or Partial Award," and was made pursuant to section 287.510 RSMo Supp.2006, which provides that "a temporary or partial award of compensation may be made ... and modified from time to time to meet the needs of the case...." Hereinafter, we will refer to the award of the Commission as a "temporary award," nevertheless this opinion shall be applicable to appeals from temporary and/or partial awards.

providing Claimant with workers' compensation benefits for his work-related occupational disease. Employer appealed the award to the Commission. The Commission issued a temporary award affirming the decision of the ALJ. Thereafter, Employer appealed to this Court.

Claimant filed a motion to dismiss the appeal, which was taken with the case. In support of his motion to dismiss the appeal, Claimant relies on the recent decision in *Norman v. Phelps County Regional Medical Center*, 256 S.W.3d 202 (Mo.App. S.D.2008). In *Norman*, the Southern District held that appellate courts are without jurisdiction to review temporary or partial awards issued pursuant to section 287.510 RSMo Supp.2005[2] of the Workers' Compensation Act (the "Act"). Claimant urges us to follow *Norman* and dismiss Employer's appeal on the grounds that we have no statutory authority to review appeals from temporary or partial awards of the Commission, and therefore we are without jurisdiction to entertain the appeal.

## II. DISCUSSION

Section 287.510 provides that:

In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount equal to the value of compensation ordered and unpaid may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award.

Section 287.495, the statutory source for appellate jurisdiction to review decisions issued under the Act, authorizes an appeal to this Court from a "final award of the [C]ommission." Prior to the Act's 2005 amendments, appellate courts had created two exceptions to the rule that only final awards are appealable. Employer argues that its appeal from the temporary award of the Commission is reviewable under the second exception,[3] which allowed for appellate jurisdiction to review a temporary or partial award where an employer claimed it was not liable for paying *any* compensation. *Woodburn v. May Distributing Co., Inc.*, 815 S.W.2d 477, 481 (Mo.App. S.D. 1991).

The *Norman* Court found that after the 2005 amendments to the Act, the judicially created exceptions allowing for appellate review of temporary or partial awards no longer apply. While the 2005 amendments did not include specific changes to section 287.510 (the section providing for temporary or partial awards) or to section 287.495 (the statutory source for appellate jurisdiction), the amendments did change the rules of construction regarding the provisions of the Act. Prior to the 2005 amendments, we were directed to construe the provisions of the Act liberally; however, section 287.800 now provides that "any reviewing courts shall construe the provisions of this chapter strictly." In *Norman*, the Southern District was asked to apply the judicially-created exception that is at issue in this case. The *Norman* Court found "that an application of the prior judicially-created exception would be

2. All statutory references are to RSMo Supp. 2006. Claimant's date of onset of occupational disease occurred in 2006, after the 2005 amendments to the Act went into effect. The text, as amended, of statutes that are applicable to this case appears in the 2006 supplement.

3. The first exception applied where an award designated as "temporary or partial" was not entered pursuant to section 287.510, but instead was an award of permanent total disability made pursuant to section 287.200.2. *Smith v. Ozark Lead Co.*, 741 S.W.2d 802, 807 (Mo.App. S.D.1987).

in violation of the clear legislative intent to limit appellate review of the Commission awards to final awards." 256 S.W.3d at 205. Thus, the *Norman* court held that appellate courts are without jurisdiction to review appeals from temporary or partial awards of the Commission. *Id.*

Employer asks this Court to decline to follow *Norman*. While we recognize that limiting appellate jurisdiction to appeals from final awards of the Commission presents a problem for an employer who disclaims all liability for a particular claim, we are not persuaded to depart from the decision of the Southern District. Accordingly, we must dismiss the appeal for lack of jurisdiction.

### III.  CONCLUSION

The appeal is dismissed.

KURT S. ODENWALD, P.J., and PATRICIA L. COHEN, J., concur.